### HAYNES et al. v. GAINES et al.

No. 9484—Opinion Filed Oct. 14, 1919.

Rehearing Denied Nov. 18, 1919.

(Syllabus by the Court.)

**1. Mortgages—Deed as Mortgage.**

Every instrument purporting to be an absolute or qualified conveyance of real estate or any interest therein, but intended to be defeasible or as security for the payment of money, shall be deemed a mortgage and must be recorded and foreclosed as such.

**2. Same—Intent of Parties.**

Whether a transaction evidenced by an absolute conveyance will be held to be a sale or only a mortgage must be determined by a consideration of the peculiar circumstances of each case. The form of the conveyance is not conclusive. The intention of the parties is the only true and infallible test; this intention to be gathered from the circumstances attending the transaction and the conduct of the parties, as well as from the face of the written contract.

**3. Appeal and Error—Evidence—Review of.**

The rule is well established that in actions of purely equitable cognizance the Supreme Court will not disturb the findings of fact of the trial court unless they are against the clear weight of the evidence.

**4. Mortgages — Equitable Mortgage — Evidence—Sufficiency.**

Record examined and held: That the judgment rendered by the trial court is not against the clear weight of the evidence.

Error from District Court, Love County; W. F. Freeman, Judge.

Action by Wilburn Gaines against Clotilde B. Haynes and another, as executors of the estate of R. H. Haynes, deceased, and Will Riley, to have a deed decreed to be a mortgage. From judgment for plaintiff, the defendants bring error. Upon the death of plaintiff, cause revived in the name of his heirs. Affirmed.

Graham & Logsdon and R. A. Keller, for plaintiffs in error.

T. B. Wilkins, for defendants in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, wherein it was prayed that numerous instruments affecting the land in controversy purporting to be absolute conveyances, shall be deemed to be mortgages and foreclosed as such. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendants" respectively, as they appeared in the trial court.

Defendants Haynes and Riley answered jointly by general denial; pleaded sale and purchase of the lands in controversy under mortgage foreclosure against plaintiff; and alleged, further, that J. D. Batson, the purchaser at such sale, sold the lands to B. A. Dillard, who in turn sold to one Draughon, who in turn sold to Haynes, who in turn sold to defendant Riley; that each of said conveyances constituted a bona fide sale and that no equity remained in the plaintiff; that said Draughon and said Haynes at the time of their respective purchases of the land, each gave the plaintiff a contract for a deed to the lands in suit conditioned that plaintiff should pay the purchase price named in said contracts on or before the respective dates fixed therein; that plaintiff never paid or offered to pay the purchase price so agreed to be paid to either Draughon or Haynes, and that the sale from Haynes to Riley was made after the expiration of the time within which the plaintiff could have purchased said land.

The Conservative Loan Company filed its separate answer, but as the case was subsequently dismissed as to it the allegations of its answer are not material here.

Upon trial to the court without a jury, judgment was rendered as prayed for, declaring the instruments to be mortgages and decreeing title to the land to be in plaintiff upon the payment by him of the sum of $1,085.07 to the defendant Riley. It is to reverse this judgment that this proceeding in error was commenced.

On the 30th day of September, 1919, this court, upon the death of plaintiff, Wilburn Gaines, being suggested, entered an order reviving said cause in the names of Bettie Gaines, Marion Gaines, Herron Gaines, Lulu Brown, May Gaines, Richmond Gaines, and Roger Gaines as heirs of Wilburn Gaines,

deceased, and thereupon said cause was entitled as directed and as it now appears in the caption of this opinion.

Whilst the plaintiffs in error assign many grounds for reversal in their petition in error, the only questions presented for review are stated in their briefs as follows.

"The first legal conclusion reached by the court is, that the deeds executed by Batson and Gaines to Dillard, being given as security, were nothing but mortgages. In discussing this proposition we will adopt two lines of inquiry: First, What facts are recognized as sufficient to support an equitable mortgage as against a deed absolute in form? Second, Does the testimony in this case meet the recognized requirements and support the judgment rendered?"

As there seems to be perfect agreement between counsel as to the circumstances in which an instrument purporting to be an absolute conveyance must be deemed to be a mortgage, no extended discussion of that question is necessary. We have examined the authorities cited by counsel for the defendants on this question and do not find the rule announced in Devlin on Real Estate, Cyc., and Kent's Commentaries to be different in substance from the rule announced by this court in a long line of decisions, many of which are cited by counsel for plaintiff in his brief.

Our statute (section 1156, Rev. Laws 1910) states the applicable rule as succinctly as possible as follows:

"Every instrument purporting to be an absolute or qualified conveyance of real estate or any interest therein, but intended to be defeasible or as security for the payment of money, shall be deemed a mortgage and must be recorded and foreclosed as such."

The second question raised by counsel, "Does the testimony in this case meet the recognized requirements and support the judgment rendered?" calls for an examination of the evidence as it appears in the record before us. The rule governing our examination of this evidence is stated in George W. Wiseham v. Walter E. Hocker et al., 7 Okla. 250, as follows:

"Whether a transaction evidenced by an absolute conveyance will be held to be a sale or only a mortgage must be determined by a consideration of the peculiar circumstances of each case. The form of the conveyance is not conclusive. The intention of the parties is the only true and infallible test. This intention is to be gathered from the circumstances attending the transaction and the conduct of the parties as well as from the face of the written contract. If a deed of conveyance be accompanied by a condition or matter of defeasance expressed in the deed, or contained in a separate instrument, or even existing merely in parol, if intended by the parties as a security for money, let the consideration for it have been a pre-existing debt or a present advance of money to the grantor, if the relation of debtor and creditor remains, and a debt still subsists between the parties, the conveyance must be regarded as a security for the payment, and it is in equity a mortgage, and will be treated in all respects as a mortgage."

As no useful purpose would be subserved by setting out in this opinion the evidence tending to support the finding of fact of the trial court, it is sufficient to say that we have examined the record carefully and are not prepared to say that the judgment rendered by the trial court is against the clear weight of the evidence. The rule is well established that in actions of purely equitable cognizance the Supreme Court will not disturb the findings of fact of the trial court unless they are against the clear weight of the evidence. Winemiller v. Page, 75 Oklahoma, 183 Pac. 501.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur, except McNEILL, J., not participating.