## WOOTEN v. LACKEY et al.

No. 10744—Opinion Filed June 8, 1920.

Rehearing Denied Sept. 7, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Questions of Fact—Equity Case.**

In an equity proceeding the judgment and findings of the trial court will not be disturbed unless clearly against the weight of the evidence.

**2. Oil and Gas—Action to Cancel Lease—Judgment—Evidence.**

Record examined, and held that the judgment is sufficiently supported by the evidence.

Error from District Court, Caddo County; Will Linn, Judge.

Action by Wesley Wooten against Bert Lackey and others for the cancellation of an oil and gas lease. Judgment for defendants, and plaintiff brings error. Affirmed.

Morris & Jameson, for plaintiff in error.

Bond, Melton & Melton and M. G. Meister, for defendants in error.

RAINEY, C. J. The plaintiff in error, Wesley Wooten, filed this action in the district court of Caddo county, Oklahoma, on January 17, 1917, to cancel an oil and gas lease upon 80 acres of land which he, as lessor, executed to one Bert Lackey, as lessee, on January 6, 1916, the lease being subsequently assigned to the persons who were made defendants to the action. The lease provided for a term of five years or as long thereafter as oil or gas was found in paying quantities, and further provided, in case no well was commenced within one year from the date of the lease, the lessee was to pay $80 annually thereafter, and was to forfeit the lease in default of the payment. The lease contained the following provision:

"Second party agrees that a test well will be drilled in the vicinity of Cement to a depth of three thousand feet if oil and gas is not found in paying quantities at a lesser depth, said well to be completed within one year."

Among other grounds for cancellation, plaintiff alleged that the well which lessee agreed to drill in pursuance of the provision quoted was not drilled to a depth of 3,000 feet, nor was oil or gas found in paying

quantities in said well, nor the well completed within the year. The defendants in their answer alleged a full compliance with the terms of the lease, and further alleged that the test well drilled in pursuance of such provision in the lease was completed within one year and produced oil in paying quantities. Upon the issues thus joined, the case was tried to the court, who, after hearing all the evidence, held that the terms of the lease had been fully complied with by the defendants, and refused to cancel it.

From this judgment the plaintiff appealed, and under assignments of error asserts the following propositions:

1st. The original test well provided for in the lease within the vicinity of the land of plaintiff did not produce oil in paying quantities; and

2nd. The test well was not completed within the year after January 6, 1916.

The record shows that the original lessee procured this lease, together with others in the same community, agreeing to drill or procure the drilling of a test well within the vicinity of Cement, Oklahoma. The Keechi Oil & Gas Company started the drilling of the test well, in pursuance of this understanding, on the farm of Emily Kunsemuller, and later made a contract with the Oklahoma Star Oil Company to complete the well. On or about the 2nd day of December, 1916, at a depth of 1,500 feet, an oil sand was struck which gave evidence of oil and gas in considerable quantities. The driller, C. W. Duncan, appearing as a witness for the plaintiff on the trial, testified on cross-examination that at the time of striking the sand it appeared to be a good well and he thought it would make 200 barrels of oil per day. At first the well flowed, and it was pumped for sometime thereafter, producing oil, however, only in small quantities. The owners of the well were trying at all times to increase its production, but were having continuous trouble with the machinery, pump and other equipment. Witnesses testified to the amount of oil the well produced while being pumped, from the time it was drilled in until the well was sold to one Williams, who, on encountering salt water, abandoned it and drilled another well within 50 feet.

On January 5, 1917, the defendants herein, as the assignees of the original lessee, tendered their annual rental, which the lessor refused, and the defendants thereupon deposited the money in the bank designated in the lease as the depository, to the credit of the lessor.

The agreement to drill the test well was without question the main consideration for the execution and delivery of the lease, and cancellation of the same is sought by plaintiff because, as he alleges, this provision has not been complied with.

It was not agreed by the parties that the test well should be drilled on the lands of plaintiff; the only benefit, therefore, which could accrue to him by reason of this provision, and for which evidently the provision was inserted, was a test of the territory for oil and gas, and if oil were found in sufficient quantities it would lead to a further development of the territory. The evidence shows that the finding of oil in the test well accomplished this purpose, for a number of wells were drilled in the vicinity almost immediately thereafter and large sums of money were expended in such development by other companies and persons.

The assignments urged by counsel raise the question whether the judgment of the court is sustained by the evidence. The rule is well established that in actions of purely equitable cognizance the Supreme Court will not disturb the findings of the trial court unless the same are clearly against the weight of the evidence. Winemiller v. Page, 75 Okla. 278, 183 Pac. 501; Prentice v. Freeman, 76 Okla. 260, 185 Pac. 87; Benn v. Trobert, 76 Okla. 184, 184 Pac. 595; Miller v. Howard, 76 Okla. 237, 184 Pac. 773; Haynes v. Gaines, 76 Okla. 268, 185 Pac. 74; Blackwell Oil & Gas Co. v. Whitesides, 71 Oklahoma, 174 Pac. 573.

It will serve no useful purpose here to review the evidence to show that the same is sufficient to support the judgment and finding of the trial court in refusing to cancel the lease here involved; it is sufficient to say that, after a careful examination of the record, although the evidence is conflicting, we are unable to say with any degree of certainty that the judgment is clearly against the weight of the evidence, but under all the facts it appears to us that it would be unjust and inequitable to cancel this lease.

The judgment of the trial court is, therefore, affirmed.

HARRISON, KANE, PITCHFORD, JOHNSON, and McNEILL, JJ., concur.