### LAMB v. PALMER, County Treas.

No. 9176—Opinion Filed July 13, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Equity Case—Sufficiency of Evidence.**

The judgment of the trial court in an equity proceeding will not be set aside on appeal, unless said judgment is clearly against the weight of the evidence.

2. **Elections—Validity—Mere Irregularities.**

The general rule is, where the statutes do not in express terms declare an election void for violation of certain statutory provisions, the election will be sustained, and the violation of the statute will be treated as an irregularity going to the form instead of to the substance, where, from all the facts, the court concludes that, in spite of the departure from statutory requirements, a full and fair ballot has been cast and a true and fair return of the entire election has been canvassed and made.

Error from District Court, Grant County; W. M. Bowles, Judge.

Action by M. G. Lamb against E. G. Palmer, County Treasurer of Grant County, to enjoin collection of certain school taxes. Judgment for defendant, and plaintiff brings error. Affirmed.

W. H. C. Taylor, for plaintiff in error.

J. B. Drennan, for defendant in error.

McNEILL, J. M. G. Lamb, a taxpayer of school district No. 90, Grant county, Oklahoma, brought suit against the county treasurer of Grant county to enjoin the treasurer from collecting certain school taxes levied against two farms of plaintiff located within said school district. It was alleged in the petition that the school district was comprised of the city of Pond Creek, a city of the first class, and certain territory adjacent thereto, and the officers of the school district made a levy of five mills for school purposes and called an election to vote an additional seven mills. The plaintiff seeks to enjoin that portion of the levy that was voted by the district at the election called for the purpose of voting the additional levy, for the reason that the election was illegal in that the election was called to be held and was held in the city hall at Pond Creek, and not in the different wards within the city, and, further, that all electors voted at one precinct and numerous persons voted who were not entitled to vote in that precinct. It was also alleged that over two-thirds of the votes cast at the election were illegal. It is further alleged that prior to the time of calling the election, the board of education failed to publish a statement of the financial condition of the school district as required by section 7378, Rev. Laws 1910. There were several other irregularities complained of in the petition, but they are unnecessary to be referred to at this time.

The defendant filed an answer, which consisted of a general denial, and pleaded affirmatively that the officers had complied with the law in making the levy, and had called an election to vote an additional levy, and at said election there were 178 votes for the levy and 149 against the levy; the certificate of the election officials showing the return of the election being made a part of the answer. It was alleged that the proper estimate was published, showing the money necessary to be raised by taxes to defray the expenses of the school district, and a copy of the estimate published was attached to the answer; and it was further alleged that the levy was necessary for school purposes, that the election was called to be held at the city hall and notice of the same was published as provided by law, a copy of the notice being attached to the answer, and that all of the voters and electors of the district participated in the election and no one was denied the right to vote, and that the majority of the electors had voted for the increased levy.

The plaintiff replied, denying that all of the electors participated in the election, and further alleged that the item of $2,270 as interest for bonds was being collected twice. With the issues thus framed, the case was tried to the court.

The plaintiff. Mr. Lamb, was the first witness produced, and he testified that he owned certain property in the district, and that he had paid the first half of his taxes, and the treasurer informed him he would issue a warrant for the other half of the taxes if not paid. Mr. Hutson was next produced as a witness for plaintiff, and testified that he was a member of the board of education, and that the election was held at the city hall, and that he saw certain ladies around the election booth. Mr. Harvel, county clerk, was next produced as a witness for plaintiff, and he testified that he was county

clerk of Grant county and he identified Exhibit "A and B" as the original estimate of the county excise board of Grant county for the years 1913-14 and 1915-16. The plaintiff then produced Mr. Dervage, county superintendent, as a witness, who testified that he was the county superintendent of Grant county and that 12 teachers were employed at Pond Creek. The superintendent was asked if he had in his office the reports of the Pond Creek schools for the last year or two showing the financial condition and the amount collected as tuition, and he replied there was a report filed by the clerk, but the same was not complete, as it did not show fully the amount collected as tuition. This, in substance, was all the evidence introduced by the plaintiff.

The defendant introduced the certificate of the election officials, showing the number of votes cast at the election, and testified that practically all the voters participated in said election, and that no one was denied the right to vote; also he introduced a copy of the estimate published by the school board. The case was submitted to the court upon this evidence, and the court renderd judgment in favor of the defendant and against the plaintiff. From said judgment, the plaintiff has appealed.

The brief of plaintiff in error does not contain any assignments of error. Counsel for plaintiff in error have, however, argued in their brief that the levy was illegal and void for the reason that the estimate as provided for by section 7378, Rev. Laws 1910, had never been published. We are unable to say from an examination of the record in this case whether the estimate was ever published or not. The plaintiff, in introducing his case, produced no direct evidence upon this point, except the fact that he introduced the financial statement and estimate of needs for the year 1914, which contained the affidavit of M. D. Sullivan, the clerk of the board of education, wherein it was stated that the financial statement and estimate of needs was published or posted. The affidavit is written in such a manner that it is impossible to read the same. It is impossible to tell from the affidavit whether the same was published in a newspaper or posted in five public places within the district; it pretends to disclose that the clerk had either published or posted the same, or both, but which we are unable to say. There was no evidence produced by plaintiff in error to prove the estimate was not published or posted according to law. The burden of proof being upon the plaintiff in error, and he having failed to introduce any direct evidence to support the allegation of his petition that no estimate was ever published, and the trial court having

found against him, we are unable to say, without any direct evidence upon this question, that the finding of the trial court upon this question was clearly against the weight of the evidence. It might be suggested that the answer of the defendant disclosed that an estimate was published, but that the same was defective. The record does not disclose whether this was the only estimate published, or whether it was the estimate published for the purpose of calling the election. The record in this case, if it contains all the evidence, and we must presume that it does, does not contain any evidence to support any of the allegations of the petition.

Plaintiff next contends that the election for the extra levy was void for the reason the election was held in the city hall, and not in the different wards in the city. Plaintiff has cited no authorities to support this contention. The defendant in error relies upon the case of Kerlin v. City of Devil's Lake (N. D.) 141 N. W. 756, which states as follows:

"A special city election was held to determine the question of whether such city would increase its debt limit and issue bonds to establish a city light plant. The election was held at one central voting place, instead of having a place for voting in each ward as an election precinct as required by statute. The place of election was where city special elections for years had usually been held. A large vote was polled for a special election. Ample opportunity was afforded all electors to vote. No fraud is alleged in the calling of or in the conduct of the election. Held, as by statute an election should have been held in each ward, the election was irregular, but not void."

This case is annotated in vol. 37, Annotated Cases 1915C, and the annotator, commenting upon the law, states as follows:

"Where the statute does not in express terms declare that the election shall be void, the election will be sustained, and the violation of the statute will be treated as an irregularity going to the form instead of to the substance, where, from all the facts, the court does conclude that, in spite of the departure from statutory requirements, a full and fair ballot has been cast and a true and fair return of the entire election has been canvassed and made."

This appears to be the reasonable construction of the law, and, without any authorities to the contrary, we do not feel called upon to make a further investigation of the question. There was no fraud proved or offered to be proved, and there is evidence that only qualified voters voted and that no one was denied the right to vote.

The third contention made in the brief is that the levy was excessive in the sum of

$1,922. Upon this question there was no direct evidence, except what may be gathered from the estimate filed. The finding of the trial court was contrary to the contention of plaintiff in error, and we are unable to say from an examination of the record that the finding of the trial court is clearly against the weight of the evidence.

For the reasons stated, the judgment of the trial court is affirmed.

RAINEY, C. J., and HARRISON, PITCHFORD, and JOHNSON, JJ., concur.