## PARKER, Guardian, v. SIMCOX.

No. 11,063—Opinion Filed March 13, 1923.

(Syllabus.)

**1. Appeal and Error—Review—Equity Cases.**

In cases of purely equitable cognizance the judgment of the trial court will not be disturbed on appeal unless such judgment is clearly against the weight of the evidence.

**2. Same—Specific Performance—Sufficiency of Evidence.**

Record examined, and held; that the judgment is not clearly against the weight of the evidence.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by Charles D. Simcox against Lizzie Parker, guardian, for specific performance, etc. Judgment for plaintiff, and defendant appeals. Affirmed.

S. F. Parks, for plaintiff in error.

Wm. P. Thompson, for defendant in error.

NICHOLSON, J. This was an action by the defendant in error, as plaintiff below, against the plaintiff in error, as defendant below, to compel the defendant to convey to him certain lands and for the appointment of a receiver to take charge of said lands and harvest the crops growing thereon.

It appears from the record that the defendant, as guardian of her minor children, sold through the county court of Craig county, certain lands belonging to her wards, at which sale the plaintiff became the purchaser; that said sale was duly confirmed by the county court, and the defendant directed to execute to the plaintiff proper conveyance of said lands; this she refused to do, whereupon the plaintiff filed in the county court his petition praying the court to issue a citation directing the defendant to appear and show cause why she did not execute said conveyance. Citation was duly issued, to which the defendant filed a response, and upon a hearing had the court made an order directing the defendant to execute to the plaintiff proper conveyances. In the meantime, the plaintiff had instituted this action, which is in the nature of a suit for specific performance. The causes were consolidated. Upon the trial the defendant admitted that the records in the guardianship matter showed that the lands belonging to the wards named had been legally sold, and admitted that the order confirming the sale in each instance showed upon its face that it had been legally made and recorded, and that the entire record pertaining to such sale was legal upon its face. The defendant testified on cross-examination that she had been tendered the purchase price of said lands. At the conclusion of the defendant's evidence, the plaintiff interposed a demurrer thereto, which was by the court sustained, and judgment rendered in favor of the plaintiff. Afterwards the application of the plaintiff for the appointment of a receiver came on for hearing, and the court, after hearing the evidence, made an order appointing a receiver to take charge of the lands involved and the crops growing thereon, and to rent said lands and collect the rents therefrom pending the final determination of this cause.

The defendant has appealed, and argues two propositions, viz.: That the judgment of the court is not supported by sufficient evidence and is contrary to law, and that the court erred in sustaining the motion of appellee at the close of the testimony of the appellant.

This being an action of equitable cognizance, the only question to be determin-

ed is whether or not the judgment is clearly against the weight of the evidence, for the rule is well established in this jurisdiction that the judgment of the trial court in an equitable case will not be disturbed by this court unless such judgment is clearly against the weight of the evidence. Lamb v Palmer, Co. Treas., 79 Okla. 68, 191 Pac. 184; Wooton v. Lackey, 79 Okla. 141, 191 Pac. 1037, and cases there cited.

In view of the admission of the defendant that the proceedings pertaining to the guardianship sale were in all things regular and legal, and that the order confirming the sale shows upon its face that the sale was legally made, and in view of the defendant's testimony showing that she had been tendered the price for which the land had been sold, and that her chief reason for refusing to execute the deeds at that time was that there were good crops on the land which she would have gotten the benefit of that year, and in the absence of any showing of a valid excuse for a refusal to execute and deliver the conveyances, we cannot say that the judgment is clearly against the weight of the evidence.

Therefore, such judgment will not be disturbed, but is affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, COCHRAN and BRANSON, JJ., concur.