## COLBY et al. v. EASON.

No. 11113—Opinion Filed July 10, 1923.

**1. Appeal and Error—Review of Equity Case—Sufficiency of Evidence.**

In an action of purely equitable cognizance the only question to be determined is whether or not the judgment is clearly against the weight of the evidence, and the judgment of the trial court, in an equity case, will not be disturbed by this court unless such judgment is clearly against the weight of the evidence. Held, record examined, and the judgment rendered herein is not clearly against the weight of the evidence.

**2. Judgment—Matters Concluded.**

A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated and determined therein.

**3. Lis Pendens— Notice—Description of Property—Sufficiency.**

A purchaser or mortgagee or other person who would otherwise be affected by the rule of lis pendens is not affected by the pendency of an action, unless the pleadings therein, at the date of the purchase or the acquisition of rights, describe the property as to which the rule is sought to be applied so as to enable the purchaser on third person to ascertain its identity. The property is sufficiently described, it would seem, although not described by metes and bounds, if described with reasonable certainty; that is, if enough is alleged to enable a person upon reasonable inquiry to identify the property and ascertain the object of the suit.

**4. Same—Title Acquired by Purchaser.**

A purchaser of real property from a party to a pending action is bound by the judgment rendered in such action against his grantor, and acquires no greater title or right than held by his grantor.

**5. Vendor and Purchaser — Possession — Notice of Rights.**

A purchaser of real estate is charged with notice of the rights of persons in actual possession thereof. The possession of real estate carries with it the presumption of ownership, and it is the duty of persons purchasing such property of one not in possession to ascertain the extent of the claims of persons in possession, as the actual possession of such property gives notice to the world of just such interest as the possessor has in such property.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, McClain County; F. B. Swank, Judge.

Action by Effie Brown Eason against J. H. Colby, Levi Colby, Lula O. Colby, and Mrs. China Colby. Judgment for plaintiff, and defendants bring error. Affirmed.

Blanton & Osborne, for plaintiffs in error.

C. T. Rice, for defendant in error.

Opinion by THOMPSON, C. This action was commenced on the 8th day of November, 1916, by Effie Brown Eason, defendant in error, as plaintiff below, filing her petition against J. H. Colby, Levi Colby, Lula O. Colby and Mrs. China Colby, plaintiffs in error, as defendants below, in the district court of McClain county, Okla.

The parties will be referred to in this opinion as plaintiff and defendants, just as they appeared in the lower court.

Plaintiff alleges, in substance, that she was the owner of and had been in continuous peaceable possession of the north half of the southwest quarter of the southeast quarter, of section six, township seven north, and range four, west, being a portion of her allotment as a duly enrolled freedman of the Choctaw Nation; that on September 22, 1909, Lillie Brown made, executed, and delivered unto J. H. Colby a warranty deed pretending to convey the title to said J. H. Colby, which deed was recorded on page 361 of volume 19 in the recorder's office of said county; that the said Lillie Brown at the time of the execution of the deed was not the owner of the land and could convey no title to the same; that the defendant J. H. Colby had, by warranty deed, attempted to convey the land to his wife, Lula O. Colby, which deed had been recorded in the recorder's office of said county; that the said J. H. Colby held no title and could not convey any title thereto. That thereafter, J. H. Colby, joined by his wife, executed a mortgage upon the land to his brother, Levi Colby, which mortgage was recorded in the recorder's office of McClain county, and that neither of the mortgagors held any title to the said land; and that, thereafter, the defendant Levi Colby assigned said mortgage to Mrs. China Colby, which assignment was recorded in the recorder's office of McClain county, and that Levi Colby held no title to the land and could convey no interest of any kind in said land, and that all of the said above recorded instruments constituted a cloud upon the title of plaintiff, and asked that the same be removed, and alleged that there was a conspiracy on part of all the defendants to defraud plaintiff of her title to the above described lands, and prayed for actual damages in the sum of $200 and for exemplary damages in the sum of $2,500 and for a cancellation of all recorded instruments above referred to and for judgment divesting title out of the defendants and vesting title in the plaintiff and for general equitable relief.

Thereafter, defendant Mrs. China Colby filed her answer and cross-petition, admitting the execution of all the instruments complained of, and alleging she purchased the mortgage in good faith for an adequate consideration, without notice or knowledge that there existed any defense to said instruments, and that she was the owner and holder of the same, and further alleged that on February 12, 1913, plaintiff deeded the land described to Lillie Brown, and that thereupon, by operation of law the title of said Lillie Brown became vested in J. H. Colby and his grantees: and in her cross petition declared upon her note and mortgage and asked for judgment in the sum of $250 and interest, $50 attorney fees, the amount of her debt and that she be declared to have a first mortgage lien upon the premises described in the plaintiff's petition and for a foreclosure on said mortgage.

Defendants J. H. Colby, Levi Colby, and Lula O. Colby, in their answer to cross-petition of Mrs. China Colby, admit the truth of the allegations of said cross-petition, and Lula O. Colby, in her answer filed on the same day and date, admitted the execution of all the instruments mentioned in plaintiff's petition, and alleged that they were made for a good and valuable consideration and for an honest and legitimate purpose and without any intention or purpose of cheating or defrauding any one, and that defendant was the owner of the lands and premises and entitled to the possession of the same, and that plaintiff unlawfully detained possession of the same and had detained the same for the past two years to her damage in the sum of $200, and that plaintiff on the 12th day of February, 1913, sold and conveyed said premises to Lillie Brown and that she became the owner of said land by reason of mesne conveyance of the said Lillie Brown, and prayed judgment for the possession and damages in the sum of $200 and costs.

Thereafter, plaintiff filed her reply to the answer of Lula O. Colby, which denied all new matter and denied that she ever executed and delivered a deed to the defendant, Lula O. Colby or J. H. Colby, or ever received any consideration from them, or that they were entitled to possession or damages against her, and alleged that she did execute a deed on February 12, 1913, to her sister, Lillie Brown, but never delivered posession of the lands and that the same was never really sold to Lillie Brown, but that Lillie Brown and her mother, Susan Brown, and herself applied to a farm loan company for a farm loan upon 60 acres of land, of which

20 acres was held by each of the said parties, and that the agent of said loan company asked that they place the total acreage in the name of Lillie Brown and execute a mortgage thereon to the loan company and then reconvey her land back to this plaintiff, and that this was afterwards abandoned and Lillie Brown reconveyed the lands back to this plaintiff, and that she had always been in truth and fact the owner of and in possession of said land; and on February 11, 1918, plaintiff filed her reply to the reply of defendant Lula O. Colby and cross-petition of Mrs. China Colby, setting up the same state of facts as contained in her reply to the answer of Lula O. Colby.

On the 23rd day of June, 1919, the cause was tried to the court without the intervention of a jury, and the court made his findings of fact and conclusions of law in favor of plaintiff and against the defendants, canceling the deeds and mortgages as prayed for in plaintiff's petition.

Motion for new trial was filed and overruled and exceptions saved.

On the 8th day of July, 1919, there were filed the court's findings of fact and conclusions of law, which are in words and figures as follows, to wit:

"The petition in this case was filed November 8, 1916, to cancel the deeds and mortgages set out in plaintiff's petition. Defendants filed their answer and cross-petition on the 26th of February, 1917. The court finds Effie Brown is twenty-five years of age and married; that her mother was Susan Brown and Lillie Brown is her sister; that plaintiff, Effie Brown Eason, made and executed a deed to the land in question to Lillie Brown February 12, 1913, which was filed in the office of the register of deeds February 18, 1913, and on September 22, 1909, Lillie Brown executed a deed to the land in question to the defendant, J. M. Colby; that on November 18, 1911, J. H. Colby executed a deed to the land in question to Lula O. Colby, which was filed in the register of deeds office November 20, 1911; that on April 24, 1913, a mortgage was executed on said land by J. H. Colby and Lula O. Colby, his wife, to Levi Colby, which mortgage was assigned by Levi Colby to China Colby September 29, 1914, for a consideration of $250. The court finds that on the 27th day of October, 1914, in cases numbered 1129 and 1130, which were consolidated, that Lillie Brown obtained a judgment against J. H. Colby canceling the deed to the lands in question. The court finds that the petitions, in causes numbered 1129 and 1130, were filed in this court April

18, 1913, and that said petitions did not describe the lands in controversy except it referred to the recorder of deeds office of this county, and the petitions referred to the book and page of the records in the register of deeds office. The court finds that Levi Colby and China Colby had no actual notice of any defect in the title of said land except as charged by the record. The court finds that the defendants, Levi Colby and China Colby, were in possession of sufficient facts to put them upon inquiry, which, if followed by the defendants, would have enabled them to have found the defects in the title of the land in controversy, this knowledge being charged to them by the petition, judgments, and reference to the records in causes No. 1129 and 1130.

"Conclusions of Law.

"As a matter of law the court finds that the defendants were chargeable with notice of the defects of said land by the reference made to the records in the register of deeds office in the petition of the plaintiffs in suits 1129 and 1130. The court therefore finds for the plaintiff, Effie Brown Eason, and against the defendants canceling the deeds and mortgages in controversy."

And the cause comes to this court regularly upon appeal of defendants.

Defendants set up 11 assignments of error, but content themselves in the brief of counsel with grouping them all under one head, and that is:

"That the evidence is not sufficient to support and justify the finding of the court and that the finding is contrary to the great weight of the evidence and the law."

Upon a close study of the evidence in the case it is disclosed that the plaintiff, Effie Brown Eason, whose maiden name was Effie Brown, was the owner of the 20 acres of land in controversy as a freedman allottee of the Choctaw Nation; that Susan Brown was the mother of plaintiff and that Lillie Brown was a sister, and that the three owned 60 acres of land, 20 acres each, and that on the 12th day of February, 1913, in order to obtain a loan from a loan company they placed the title to the 60 acres of land in Lillie Brown by the plaintiff and her mother executing deeds to the said Lillie Brown, but that the loan was never consummated, and Lillie Brown afterwards deeded the land in controversy back to the plaintiff, the deed of said reconveyance not appearing in the record. That over three years prior to this deed Lillie Brown made a deed to J. H. Colby to secure a loan, which deed contained the lands in controversy in the description; that on November 18, 1911, J. H. Colby conveyed by deed the same land

to his wife, Lula O. Colby; that on the 18th day of April, 1813. Lillie Brown and Susan Brown filed suits to have the above described deeds canceled, and while said suits were pending, on April 24, 1913, J. H. Colby and Lula O. Colby executed a mortgage to Levi Colby, a brother of J. H. Colby, and on September 29, 1914, while said suits were pending, Levi Colby assigned said mortgage to his mother, China Colby.

And the evidence further shows that the plaintiff never surrendered possession of the land, always occupied it and cultivated it and was in continuous, open notorious, and adverse possession thereof.

The trial of the cases of Lillie Brown and Susan Brown, in the lower court, resulted in a judgment in their favor, canceling the deeds on the ground of fraud.

It will be observed that at the time of the making of this deed by Lillie Brown to J. H. Colby she had no right, title or interest, actual or constructive, in the land of this plaintiff, and that, at the time J. H. Colby deeded the land to his wife, Lula O. Colby, no deed existed executed by the plaintiff, and that at the time of all the transactions, in regard to the mortgage and assignment of mortgage, a suit was pending in the district court of McClain county to cancel said deeds and to declare the same to be a mortgage. The description of the land of this plaintiff did not appear in said lawsuits, as Susan Brown and Lillie Brown were only asking for their 20 acres each, but the instrument, which the Colbys claim to be a warranty deed, included the land of this plaintiff, and it was sought in said lawsuits to set aside this instrument as a warranty deed and to have the same declared a mortgage, and the page and book in which the deed was recorded was set out in the petitions in these lawsuits, and the questions for us to determine are whether or not this was sufficient notice to the defendants to constitute in law a notice of lis pendens, and whether or not the actual and active possession of plaintiff of the land was, in itself, notice to the defendants sufficient to put a reasonable and prudent person upon inquiry.

It developed in the testimony that an abstract of the title had been obtained, and the defendants should have had the abstract continued down to the date of the transactions in which they were involved in connection with this land.

The court had all of the parties before him and heard the testimony of the witnesses and had before him the record testimony pertaining to all the transactions in this case, and based upon the testimony and these records the court made his findings of fact and conclusions of law founded upon the testimony and the records before him, and determined the issues in favor of the plaintiff and against the defendants, that the defendants were chargeable with the notice of the defects in the title of their codefendants to the lands, and that the defendants were in possession of sufficient facts to put them upon inquiry which, if followed by the defendants, would have enabled them to have found the defects in the title of the land, this knowledge being charged to them by the petitions, judgment, and reference to the records in causes Nos. 1129 and 1130, and made a general finding in favor of the plaintiff, canceling the deeds and mortgage in controversy, and we cannot say that the judgment of the trial court in this equity proceeding is clearly against the weight of the evidence.

In a recent case decided by this court, Parker, Gdn., v. Simcox, 89 Okla. 90, 213 Pac. 729, this court held:

"This being an action of equitable cognizance, the only question to be determined is whether or not the judgment is clearly against the weight of the evidence, for the rule is well established in this jurisdiction that the judgment of the trial court in an equitable case will not be disturbed by this court unless such judgment is clearly against the weight of the evidence. Lamb v. Palmer, Co. Treas., 79 Okla. 68, 191 Pac. 184; Wooten v. Lackey, 79 Okla. 141, 191 Pac. 1037, and cases there cited."

And, upon the doctrine of lis pendens, this court, in the case of McWhorter v. Brady et al., 41 Okla. 383, 140 Pac. 782, quoted from by attorneys for both parties in this case, held:

"A purchaser or mortgagee or other person who would otherwise be affected by the rule of lis pendens is not affected by the pendency of an action, unless the pleadings therein, at the date of the purchase or the acquisition of rights. describe the property as to which the rule is sought to be applied so as to enable the purchaser or other third person to ascertain its identity. The property is sufficiently described, it would seem, although not described by metes and bounds, if described with reasonable certainty. that is, if enough is alleged to enable a person upon reasonable inquiry to identify the property and ascertain the object of the suit."

We cannot agree with the argument of counsel for defendants that such a hard and fast rule as they contend for should be established by this court. We think the rule

governing lis pendens is broader and more comprehensive than the narrow construction asked for by them. It is of the nature of a notice and is the channel or means by which the real object, which by reasonable inquiry, may lead up to the discovery of the infirmity of the title, and by reasonable inquiry exercised by an ordinarily prudent person the defendants could have known and been informed that the deed through which their grantor claimed the lands involved in this action was being sought to be set aside and canceled and that the same was recorded in the book and on the page mentioned and set forth in the actions for the cancellation of said deeds.

The statute makes a pending suit constructive notice and requires intending purchasers to exercise reasonable care and diligence in ascertaining the nature of the pending suit, and if these defendants had complied with the requirements of the statute or exercised a reasonable amount of care in the premises, they would have found out that the deed of their grantor was being asked to be canceled and set aside. A judgment was afterwards rendered in the cause, canceling the deed, and these defendants, who afterwards took this mortgage, acquired no greater title or right than that held by J. H. Colby and his wife, who were declared to have no title.

In the case of Harper v. Aetna Bldg. & Loan Ass'n, 88 Okla. 128, 211 Pac. 1031, this court held:

"A purchaser of real property from a party to a pending action, is bound by the judgment rendered in such action against this grantor, and acquires no greater title or right than held by his grantor."

In the case of Baker v. Leavitt et al., 54 Okla. 70, 153 Pac. 1099, this court held:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated and determined therein."

And in support of the above principles numbers of authorities are referred to, decided by this court.

From the above authorities we are of the opinion that the mortgagees had sufficient notice, as held by the trial court.

Another serious question arises upon the record in this case, and that is that the undisputed evidence discloses that the plaintiff never, at any time, parted with the actual possession of the land and these defendants are charged with notice of her rights, she being in possession. The presumption of ownership arises when the grantor is not in possession of the land, but a third party is in possession, and it is a duty incumbent upon the one dealing in the land to ascertain the extent of the claims of the person in possession, as the actual possession of such property gives notice to the world of such interest as the possessor has in such property, and upon this point this court has held, in the case of Foley v. Brown, 85 Okla. 1, 204 Pac. 267:

"A purchaser of real estate is charged with notice of the rights of persons in actual possession thereof. Brown v. Trent, 36 Okla. 239. (128 Pac. 895). The possession of real estate carries with it the presumption of ownership, and it is the duty of persons purchasing such property of one not in possession to ascertain the extent of the claims of persons in possession, as the actual possession of such property gives notice to the world, of just such interest as the possessor has in such property." (See Adams v. White, 40 Okla. 535, 139 Pac. 514; Shaffer v. Turner. 43 Okla. 744. 144 Pac. 366.

It is our opinion that the decision of the trial court is in accord with the principles of law, justice, and equity and should be, and is, in all things, hereby affirmed.

By the Court: It is so ordered.