## CAMPBELL v. CAMPBELL.

No. 11896—Opinion Filed Dec. 4, 1923.

**1. Appeal and Error—Equity Cases—Findings—Conclusiveness.**

In a case purely of equitable cognizance this court will examine the entire record and weigh the evidence, but the findings of fact as made by the trial court will not be disturbed on appeal unless the same are clearly against the weight of the evidence.

**2. Affirmance of Cause.**

Record examined; held, to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okmulgee County; Lucien B. Wright, Judge.

Action by Kate D. Campbell against James H. Campbell for cancellation of contract for settlement of property rights between them growing out of the marital relations. Judgment for plaintiff. Defendant brings error. Affirmed.

W. M. Mathews and W. C. Alley, for plaintiff in error.

A. L. Emery, for defendant in error.

Opinion by STEPHENSON, C. The parties to this action were married about the year 1897, and continued thereafter to live together as husband and wife until about March 6, 1917. During this time consider-

able property interest had been accumulated by the joint efforts of the parties. On or about March 6, 1917, differences having arisen between the parties, a division of the property accumulated by them was made by a written agreement. Thereafter Kate D. Campbell commenced action for divorce against her husband, James H. Campbell, which was granted on April 16, 1917. Thereafter and on October 15, 1917, the plaintiff commenced her action against the defendant for cancellation of the property settlement, and for grounds therefor alleged that the defendant had been overbearing and cruel in his acts and conduct towards her and further stated to her that unless she consented to secure a divorce from him and make a division of the property in accordance with his suggestions, that he would set abroad accusations that would destroy her character and standing in the community. The plaintiff alleged that any accusations which he might make, reflecting on her character would be false, but on account of her weakened physical condition the threats operated to substitute for her will, that of the defendant's in making the property division. The plaintiff further alleged that by reason of the wrongful acts and statements of the defendant in procuring the settlement of the property rights, the same was null and void. Plaintiff further alleged that she was induced by the threats and at the request of the defendant to consent to institute and procure a divorce at the cost and expense of the defendant. The defendant, who now resides in California, filed his general denial. The two principal pieces of property involved in this action are the Campbell Hotel located in Henryetta, Okla., and the Georgian Hotel, situated in Okmulgee, Okla. At the time of the property settlement, the title to the Campbell Hotel was held jointly by the parties, and the title to the Georgian Hotel was in the husband. The husband conveyed his undivided one-half interest in the Campbell Hotel to the wife, and retained as his separate property the Georgian Hotel. There was evidence offered on the part of the plaintiff tending to show that the Georgian Hotel was about two and one-half times the value of the Campbell Hotel, and that the ratio of indebtedness existing on the two properties was about the same. The allegations of plaintiff's petition stated grounds for the relief prayed for in the event the issues were found in favor of the plaintiff. Beard v. Beard (Cal.) 4 Pac. 229; Pereira v. Pereira, 156 Cal. 1, 103 Pac. 488, 134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880; Sherman v. Sherman (Mont.) 211 Pac. 321.

The general denial filed by the defendant tendered an issue of fact to the court. In a trial of the cause judgment went for the plaintiff and against the defendant, canceling the contract of settlement and in lieu thereof entered judgment in favor of the plaintiff and against the defendant, revesting the title to the property as provided by the contract and in addition thereto, gave the plaintiff a money judgment for $5,000, and created a lien on the defendant's property to secure the payment thereof. In a case of purely equitable cognizance the findings of fact by the trial court will not be disturbed by this court on appeal unless the same are clearly against the weight of the evidence. McLaughlin v. Yingling, 90 Okla. 159, 213 Pac. 552; Parker v. Simcox, 89 Okla. 30, 213 Pac. 729; Davis v. Keechi Oil & Gas Co., 89 Okla. 226, 214 Pac. 711.

The general finding of fact in favor of the plaintiff and against the defendant carried a finding in favor of the plaintiff on all material issues involved in the case. We have carefully examined the record in this cause, which shows that the general finding of fact is not against the weight of the testimony.

Therefore it is recommended that this cause be affirmed.

By the Court: It is so ordered.