## SCHERMERHORN & MERRICK v. CLIMAX OIL CORP.

No. 15623—Opinion Filed Nov. 10, 1925.

Rehearing Denied Jan. 25, 1927.

**1. Gas—Contribution—Contract of Two Parties to Furnish Gas—One Party Supplying All—Right of Action Against Other Party for One-half Value of Gas.**

Where two parties agree with a third party to furnish gas for fuel for the purpose of drilling a well to completion on the third party's lease, without any costs to said third party, other than the laying of its lines to the gas wells of the first and second parties, such agreement constitutes a joint and several obligation, and third party has a right to take the gas from either the first party's or the second party's well, and where all of the gas was taken from the first party's well, he has a right to contribution from the second party for the value of one-half of the gas furnished by said first party.

**2. Same.**

Under the facts in this case, it is clear that the Climax Oil Corporation furnished all of the gas to the Magnolia Petroleum Company to drill the well at the location agreed on by the parties, and the Climax Oil Corporation had a right to sue for and recover by way of contribution the value of one-half of the gas used in drilling the well.

**3. Appeal and Error — Review of Equity Case—Conclusiveness of Findings.**

This is an equitable action and is governed by the rule that the findings of fact by the trial court will not be disturbed by the Supreme Court, unless the same are clearly against the weight of evidence.

**4. Same.**

Record examined, and held, that the findings of the trial court are sustained by the evidence in the case, and its judgment should not be disturbed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Climax Oil Corporation against Schermerhorn and Merrick, a copartnership, composed of J. B. Schermerhorn and Frank Merrick. Judgment for plaintiff, and defendants appeal. Affirmed.

Ledbetter & Ledbetter (V. J. Bodovitz, of counsel), for plaintiff in error.

Wm. G. Davisson, for defendant in error.

Opinion by MAXEY, C. This action grows out of a contract executed between the Climax ·Oil Corporation, Schermerhorn & Merrick, and the Magnolia Petroleum Company. The facts are that the Magnolia Petroleum Company was ready to drill a well in the northern part of their lease in the southeast corner of the west ½ of the northwest ¼ of section 31, township 2, range 2 west, in Carter county, Okla. Schermerhorn & Merrick owned an oil and gas lease on the north ½ of the southeast quarter of the northwest quarter of section 31, township 2, range 2 west, on which was a producing gas well, and the Climax Oil Corporation owned an oil and gas lease on the northeast quarter of the southwest quarter of section 31, township 2, range 2 west, on which it had a producing gas well, and in order to induce the Magnolia Petroleum Company to change its location from the north portion of their lease to the southeast corner of their lease, where both the Climax Oil Corporation and Schermerhorn & Merrick had leases undeveloped as a test well on the south and on the Magnolia Petroleum Company's property, which served as a test of the leases of Schermerhorn & Merrick and the Climax Oil Corporation Company, and in order to induce the Magnolia Petroleum Company to change the location of their well, the Climax Oil Corporation and Schermerhorn & Merrick addressed the Magnolia Petroleum Company the following letter:

"Ardmore, Oklahoma, January 26, 1922. Magnolia Petroleum Company, Dallas, Tex. Mr. F. V. Faulkner. Dear Sir: The Climax Oil Corporation of Ardmore, Okla., owns oil and gas lease on N.E.¼ of S. W. ½ of Sec. 31, T. 2 S.. R. 2 W., Carter county, Okla., on which it has a producing gas well. Schermerhorn & Merrick own an oil and gas lease on north half of southeast quarter of northwest quarter of sec. 31, T. 2 S., R. 2 W., Carter county Okla., on which is a producing well. These parties agree in consideration of Magnolia Petroleum· Company locating its J. H. Bennett well in the southeast corner of the west half of northwest quarter of said sec. 31, T. 2S.,·R. 2 W., Carter county, Okla., to furnish gas for fuel for the purpose of drilling said well to completion without any cost to Magnolia Petroleum Company, other than the laying of its lines to the wells. Schermerhorn & Merrick have a water well in the northeast corner of southeast quarter of northwest quarter of sec. 31, T. 2 S., R. 2 W., and they further agree that if it becomes necessary for Magnolia Petroleum Company to use water from this well in the drilling of its well on the J. H.

Bennett, that the Magnolia Petroleum Company shall have the privilege to do so without cost to Magnolia Petroleum ·Company, other than the expense of taking said water to the Bennett location; provided, however, that Magnolia Petroleum Company's use of said water must not inconvenience Schermerhorn & Merrick by depriving them of water they need. Yours very truly, Climax Oil Corporation, by Don Lacy, Pres. Schermerhorn & Merrick, By F. W. Merrick."

The proposition contained in this letter was accepted by the Magnolia Petroleum Company, and it changed its location in accordance with the request contained in said letter, and this letter was treated as the contract among the three parties, said letter being the principal testimony in the case, and it is conceded that a construction of this letter will largely determine the rights of the parties to this suit.

The Magnolia Petroleum Company, after erecting its derrick in order to get gas to drill the well, ran pipes from their location to the gas well of the Climax Oil Corporation, and took the gas to drill said well from the Climax Oil Corporation well. About the time that it was thought that the well was half completed, the Climax Oil Corporation requested the Magnolia Petroleum Company to cut loose from its gas well and hitch on·to the Schermerhorn & Merrick well. Schermerhorn & Merrick agreed to this and told them they had the gas, and it was all right to hitch on to their well, but the Magnolia Petroleum Company declined to change their gas pipes and continued to take the gas from the Climax Oil Corporation well until the well they were drilling was completed.

This suit is a suit by the Climax Oil Corporation against Schermerhorn & Merrick for contribution of half of the value of the gas that it took to drill the Magnolia Petroleum Company's well. It is the contention of the Climax Oil Corporation that, inasmuch as all of the gas to drill the Magnolia Petroleum Company's well was taken from their gas well, they are entitled to recover one-half of the value of said gas from Schermerhorn & Merrick. It is the contention of Schermerhorn & Merrick that they were to furnish gas and not money, that they had the gas, were ready, able and willing to furnish the gas, but that the Magnolia Petroleum Company refused to take its gas, and, therefore, it is not liable to the Climax Oil Corporation for anything. It was the contention in the trial court of the Magnolia· Petroleum Company, that it had a right to take the gas from either well or both, and that they commenced taking from the Cli-

max Oil Corporation's well, and when requested to change to the Schermerhorn & Merrick well, they did not do so, because it would have entailed a lot of expense to them to make the change from one well to the other, and under the terms of the agreement, they were not compelled to do so, but had a right to take gas from either well, and all the gas from it, if they so desired. The second clause of said letter is the one that must be construed to settle the controversy among the parties. The second clause is as follows:

"These parties agree in consideration of Magnolia Petroleum Company locating its J. H. Bennett well in the southeast corner of the west half of northwest quarter of said sec. 31, T. 2 S., R. 2 W., Carter county, Okla., to furnish gas for fuel for the purpose of drilling said well to completion without any cost to Magnolia Petroleum Company, other than the laying of its lines to the wells."

The trial court sustained the Magnolia Petroleum Company's contention that it had a right to take the gas from either or both wells, and that it was not compelled to change its lines after it had set them. On the other hand, it is the contention of the Climax Oil Corporation that the contract is a joint and several contract, and that it having furnished all of the gas, it is entitled to recover, by way of contribution, one-half of the value of the gas furnished to drill said well. It is the contention of Schermerhorn & Merrick that they were to furnish gas and were willing to furnish one-half of the gas to drill said well, but are not willing to furnish one-half of the value, and they contend that it was the duty of the Climax Oil Corporation to have cut the Magnolia Petroleum Company's pipe loose from the well and compel them to take the other half of the gas from Schermerhorn & Merrick's well.

We think the contract, as between the Climax Oil Corporation and Schermerhorn & Merrick was a joint and several contract, and that the Magnolia Petroleum Company had a right to take the gas from either of said wells, or both, but for reasons satisfactory to itself, it took all of the gas from the Climax Oil Corporation's well. This clause of the contract is admitted by both parties to be ambiguous, and testimony was introduced to explain the meaning of it. But this testimony only went to the understanding between the Climax Oil Corporation and Schermerhorn & Merrick. There is nothing said as to which of the two parties owning the gas was to furnish it, but it was left to them to take the gas wherever it was most convenient to it. We are inclined to think this view was correct, so far as the Magnolia

Petroleum Company was concerned, and so far as the Climax Oil Corporation and Schermerhorn & Merrick are concerned. This clause of the contract does not state in what proportion the parties were to furnish the gas. The testimony shows that they understood that they were to furnish the gas jointly, that is, each one furnish one-half, but that is not in the contract, and the trial court held that the Magnolia Petroleum Company was not bound by such understanding and had the right to take the gas from either one of the wells. It may be a little hard on Schermerhorn & Merrick to have to pay for one-half of the gas in money, but this is brought on them by not having their contract more explicit as to what part of the gas each one was to furnish, and that the Magnolia Petroleum Company should take the gas from the well as directed by the Climax Oil Corporation and Schermerhorn & Merrick.

The evidence does not show whether the Magnolia Petroleum Company discovered oil and gas in the well they drilled, but this lawsuit sounds very much like a "dry hole," and that if oil and gas had been produced in paying quantities, this lawsuit would never have gotten into court.

We have read the briefs of both parties very carefully, and it is ably briefed on both sides, but we do not think it necessary to follow the line of argument and various questions raised by the opposing counsel, for, after an examination of the entire record and the findings of fact and conclusions of law by the court, we are constrained to hold that the judgment of the trial court is correct.

The rule is established by this court, that, in equity cases, we have a right to review the testimony (and this we have done), and if the findings of fact and conclusions of law of the trial court are not clearly against the weight of the testimony and the law of the case. this court will not reverse said findings of fact and conclusions of law. As before said, this rule is too well established to require the citations of authorities, but we call attention to the following: McLaughlin v. Yingling, 90 Okla. 159, 213 Pac. 552; Parker v. Simcox, 89 Okla. 30. 213 Pac. 729; Davis v. Keeche Oil & Gas Co., 89 Okla. 226, 214 Pac. 711.

In the case of Putnam City Co. v. Minnetonka Lumber Co., 95 Okla. 149, 218 Pac. 1061, the court uses this language:

"In an equitable action, the findings of the trial court should be sustained, unless it appears that his findings are clearly against the weight of the evidence; as the findings of the trial court should be strongly

persuasive, and should not be set aside, unless the Supreme Court can say, in equity and good conscience, that the conclusion reached by the trial court is clearly against the weight of the evidence."

On the whole case, we find that the judgment of the trial court is correct, and it is, in all things, affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 826, §12; 28 C. J. p. 564, §24. (2) 28 C. J. p. 564, §24. (3, 4) 4 C. J. p. 900, §2869.