M. Z. BOYNTON *et al.* v. ANDREW CROCKETT *et al.*

(Filed July 18, 1902.)

1. **NEW TRIAL—Entry Nunc Pro Tunc.** Where a motion for new trial has been pending for several years, and there is no record, minute, memoranda or monument to indicate that such motion has ever been acted upon by the court, oral evidence alone will not be sufficient upon which to base an entry nunc pro tunc.

2. **SAME—Change of Judge.** Where a motion for a new trial is filed, and the judge who tried the cause retires from the bench leaving such motion pending undisposed of, his successor will, ordinarily, grant a new trial, where the motion involves a review of the evidence taken upon the trial, and the proceedings before the former judge, and the same has not been preserved by bill of exceptions or other record so the new judge can review the grounds for new trial.

3. **CLERK—Duties of—Journal Entries—Validity.** The law makes it the duty of the clerk to record the judgments, orders and proceedings of the court, and when so entered upon the records or journal of the court, such records import absolute verity, and can only be changed or modified by the order of the court, and such records or journals need not be signed by the judge in order to give them validity.

4. **SAME—Destruction of Records.** The practice of preparing and presenting journal entries to the judge for his signature, is only in aid of the clerk, and for his assistance in making up his journal and recording the proceedings of the court, and where the clerk accepts and records an entry prepared by council on one side of the case, and which has not been approved by the judge or adverse counsel, such entry when so recorded becomes the judgment of the court, and in case of the destruction of the journal, such original entry when identified is a sufficient memoranda to authorize the court to direct the same entered of record to restore such judgment.

5. **COUNSEL—Duty of.** It is the duty of counsel to make timely examinations of the journals of the court, and see that the records correctly recite the proceedings, and if they have objections, to present the same to the court by proper motion, and have the records corrected or have omissions supplied.

(Syllabus by the Court.)

---

Boynton *et al.* v. Crockett *et al.*

---

*Error from the District Court of Kingfisher County; before Clinton F. Irwin, Trial Judge.*

*Boynton & Smith, J. C. Robberts* and *P. S. Nagle,* for plaintiffs in error.

*D. K. Cunningham* and *Buckner & Son,* for defendant in error.

Affirmed and remanded.

Opinion of the court by

· BURFORD, C. J.: This case presents for our review the action of the trial court in sustaining a motion for a new trial. In 1896 Andrew Crockett and Martha Crockett brought an action in the district court of Kingfisher county against M. Z. Boynton, F. L. Boynton and C. W. Smith, to have canceled certain deeds and instruments affecting real estate in Kingfisher county, on the grounds of fraud, forgery, duress, and other causes. Issues were formed and the cause was tried to the court, the Hon. John C. Tarsney being at that time the presiding judge. The court found for the defendants, and judgment was rendered against the plaintiffs on November 18, 1898. On November 18, 1898, the plaintiffs filed a motion for a new trial, and the ruling on this motion presents the question in controversy in this cause.

On September 28, 1901, the motion for new trial was called up by the plaintiffs, and presented to Hon. C. F. Irwin, presiding judge, for his consideration and disposition. It was contended on the part of counsel for the plaintiffs in error, that this motion was acted upon and overruled at the same term of court at which it was filed,

and that the judgment of the court had become final. On the other hand it was contended by counsel for defendants in error that Judge Tarsney adjourned the term of court at which the trial was had, without disposing of the motion for new trial, and that prior to the next term of court, he was succeeded on the bench by the Hon. C. F. Irwin, as judge of said court, and that said motion was still pending for disposition. The court heard evidence both by affidavits and oral testimony as to the status of said motion. It was shown that after the trial of said cause, and prior to the hearing on said motion, all the journals and records of said court were destroyed by fire, except the appearance docket and the pleadings, and a copy of a journal entry of the judgment in said cause. There was no record evidence, memoranda or other writing, of any action by the court on said motion for new trial. Several witnesses testified that it was their personal recollection that Justice Tarsney overruled the motion for new trial at the term at which it was filed. It was also shown that at the same time the defendants in error had filed a demand for a second trial, which was overruled, and it is probable that some uncertainty exists from confusion of the two motions. There is no record that the motion was ever disposed of; there is no presumption in favor of such action. Where a case is tried by the court, and its decision announced, it is the duty of the clerk to record such proceedings, and the presumption will always prevail in favor of such record, in the absence of a positive showing to the contrary.

It is claimed that the court did overrule the motion for new trial, but it is not contended that any record was ever made of such ruling. If the court overruled the motion,

Boynton *et al.* v. Crockett *et al.*

and the clerk failed to enter the appropriate record, then the same could be supplied by proceedings *nunc pro tunc,* provided the proper basis could be established to warrant such an order.

It may be stated as an established rule that while parol evidence is competent, it is not of itself, unaided by any note, minute, memorial or memoranda, sufficient to author- ize a *nunc pro tunc* order, and this court adopted this rule in *The Bank of Kingfisher v. Smith,* 2 Okla. 6.

Or, if the record had been properly made and was subsequently destroyed by fire, leaving no note, minute, or memoranda of its existence or character, then the plaintiffs in error, if they desired to avail themselves of such record, should have taken the appropriate steps in a proper proceeding under our statute for the restoration of the destroyed records, and placed themselves in a position to support their position by the record as thus restored.

We think the court did not err in holding that the motion for new trial was still pending and undisposed of at the date of the hearing.

The next proposition is: Did the court err in sus- taining the motion and granting a new trial? It has been the policy of the courts generally to favor granting new trials where the judge who tried the case is unable to hear the motion for new trial. His successor is unable to review the evidence or the proceedings by which the result was reached. The motion for new trial is on each of the stat- utory grounds, and Justice Irwin, not having heard the trial, was not sufficiently advised to intelligently pass upon the suf- ficiency of the grounds alleged for new trial.

The supreme court of Kansas, in the case of *Bass et al. v. Swingley,* 22 Pac. 714, in an opinion by Justice Valentine exhaustively reviews this question, and holds that ordinarily it is the duty of a new judge to whom a motion for new trial is made, and who did not try the cause, to grant a new trial, unless the evidence has been preserved by bill of exceptions or otherwise, so that he may have all the proceedings before him for review. This was not done in the case under consideration, and we are unable to say that the court erred in granting a new trial.

It is contended by counsel for plaintiffs in error that the trial court erred in not making an order to record the original judgment *nunc pro tunc,* but this was error without prejudice. The granting of a new trial vacates the original judgment, and it is immaterial whether it is of record or not. It was conceded that a judgment had been rendered, and that counsel for defendants drew up a journal entry and filed it with the clerk, which was accepted by the clerk and recorded as the judgment in said cause. This made such record on the journals of the court the judgment of the court, until set aside or vacated or modified by the court. The court renders judgments, but the clerk records them; he is the recording officer of the court, and his records import absolute verity. There is no law in this territory requiring the judge to sign journal entries prepared by counsel and intended to be recorded; nor is there any law requiring such entries to be submitted to adverse counsel in order to give them validity. The practice which has prevailed of submitting journal entries to the judge for his signature is in aid of the clerk, and for his information and protection.

Our Civil Code provides:

"Section 731: The clerk of the district court shall keep an appearance docket, a journal, a judgment docket, an execution docket and such other books as may be ordered by the court, or required by law."

"Sec. 733: On the journal shall be entered the proceedings of the court of each day, and all orders of the judge in vacation or at chambers, and also all judgments, entered on confession or default."

"Sec. 742: He shall keep the records and books and papers appertaining to the court, and record its proceedings."

Under article 17, it is provided in section 427: "All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action."

The only provisions requiring the judge to sign the record are found in sections 429 and 431. Where the judge orders a complete record made in a cause, the judge is required at the next term to sign the record. But this does not contemplate the regular journal of the daily proceedings of the court. It is usual to keep a separate "complete record," and the court rarely orders a complete record except in causes involving the title to or sale of real estate.

The other provision requiring the judge to sign the records, is in cases where the clerk has failed to keep up his records, and the court orders them brought up, and then approves and subscribes the record when it is brought up.

But, it is better practice for the presiding judge to sign

the record either at the end of each day's proceeding or at least at the end of each term.

The records in the case under consideration had been destroyed by fire; it was shown that the original journal entry filed by the counsel for plaintiffs in error had been duly recorded as the judgment of the court, and the original of such entry was preserved. This entry when made on the journal by the clerk became and was the judgment of the court, and could only be changed on the order of the court, and the proof that the copy introduced in evidence was the entry from which the clerk made the record, and that it bore the file mark of the clerk, aided by the oral testimony and affidavits, was sufficient to authorize the court to order it entered upon its journals as the judgment in the cause.

The judgment of the district court granting a new trial is affirmed, at the cost of the plaintiffs in error, and the cause remanded for further proceedings.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.