**BERNARD v. McRAY.**

No. 10900—Opinion Filed Feb. 6, 1923.

Rehearing Denied March 13, 1923.

(Syllabus.)

**1. New Trial—Hearing By Successor In Office—Record.**

Where a motion for new trial comes on to be heard, after the trial judge has retired from office, before his successor in office, it is not the duty of the successor to grant the motion as a matter of right where a transcript of the evidence and the record of all of the proceedings on the trial is presented and considered in passing upon the motion. Record examined, and held, there was no error in overruling the motion for new trial. ·

**2. Trust—Establishment—Evidence.**

A deed showing title will not be decreed to be a title in trust unless the parol evidence thereof be clear, satisfactory, and convincing.

**3. Appeal and Error—Equity Case—Sufficiency of Evidence.**

In an equitable action, the judgment of the trial court will not be set aside, unless it is clearly against the weight of the evidence. Tracy et al. v. Norvall, 81 Okla. 94, 196 Pac. 929.

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by K. D. Bernard, plaintiff, against Robert McRay, defendant, to establish trust agreement and for conveyance of land. Judgment for defendant, and plaintiff brings error. Affirmed.

Brooks & Brooks, for plaintiff in error.

Kirk B. Turner and Martin E. Turner, for defendant in error.

KENNAMER, J. K. D. Bernard, plaintiff, instituted this action in the district court of McIntosh county on the 15th day of September, 1917, against Robert McRay, defendant, to establish a trust agreement and to require the defendant to deed to the plaintiff an undivided one-half interest in 160 acres of land situated in McIntosh

county described in plaintiff's petition. The cause was tried on the 20th day of February, 1919, to Honorable R. W. Higgins, district judge. The evidence introduced on behalf of the respective parties to the action was conflicting upon the issue of their having a trust agreement. The court found the issues in favor of the defendant, and entered judgment denying the plaintiff any relief. Plaintiff filed a motion for a new trial and supplemental motion setting up newly discovered evidence.

It appears that before the motion for new trial was filed and acted upon, Judge Higgins was appointed a member of the Supreme Court, and that Honorable Harve L. Melton was appointed to succeed R. W. Higgins as district judge, and that the motion for new trial was presented to Judge Melton. The motion was heard on the 30th day of June, 1919, and by the court overruled.

The plaintiff prosecutes this appeal to reverse the judgment. Two questions are presented under the assignments of error.

Counsel for the plaintiff makes the contention that the judgment should be reversed because as a matter of right the motion for new trial having been passed upon by Judge Melton, who did not preside at the trial, the plaintiff is entitled to a new trial. The general rule is that where a motion for new trial is filed and the judge who tried the case has retired prior to the time the motion is ruled upon, that his successor will ordinarily grant a new trial where the motion involves a review of the evidence taken upon the trial and the evidence and proceedings have not been preserved by bill of exceptions or otherwise. Boynton et al. v. Crockett et al., 12 Okla. 57, 69 Pac. 869; Bass et al. v. Swingley (Kan.) 22 Pac. 714. The reason for the rule is that the trial judge is the only one qualified to pass upon such motions. In the case at bar this rule is not controlling for the reason the successor of the trial judge had before him the record of the evidence and the proceedings in the trial, and after an examination of

the record of the proceedings, overruled the motion of the plaintiff.

This court in the case of Lookabaugh v. Bowmaker, 30 Okla. 242, 122 Pac. 200, held that there was no error in the succeeding judge overruling a motion for a new trial where all of the evidence in the case had been preserved and the judge had examined the same. This conclusion is supported by the case of School District No. 38, LeFlore County, v. School District No. 92, 42 Okla. 228, 140 Pac. 1144. It is plain that the first assignment of error relied on by the counsel for the plaintiff under the facts as disclosed by the record is untenable.

The other question argued by counsel for reversal is that the court erred in finding the issues in favor of the defendant instead of in favor of the plaintiff. The two 80-acre tracts of land were deeded by the grantors to the defendant. The plaintiff contended in the trial of the cause that, prior to the execution of the deeds to the defendant, he had entered into an oral agreement with the defendant by the terms of which the lands were to be purchased and the deeds taken in the name of the defendant, but the defendant was to hold an undivided one-half interest in the lands in trust for the plaintiff. The plaintiff's testimony tended to show such an agreement and that he assisted in purchasing the lands. However, his testimony was contradicted by the defendant and other witnesses. Plaintiff also contended that the purchase price of the land was to be paid by his securing a loan on the lands. It appears from the evidence that the plaintiff was the agent of a loan company. On one 80 acres the plaintiff failed to get a loan approved by the company. The defendant contended that the only interest the plaintiff had in the transaction was he was to have the privilege of making a loan on the land.

The trial court, however, found the issues against the plaintiff and in favor of the defendant. The rule applicable to this kind of transaction is that, "before a written lease or deed showing absolute title can be decreed to be a title in trust, parol evidence thereof must be clear, satisfactory, and convincing." Ewert v. Jones, 255 Fed. 688. This court in many decisions is committed to the rule that in equitable action the judgment of the trial court will not be reversed unless it is clearly against the weight of the evidence. Benn v. Trobert, 76 Okla. 184, 184 Pac. 595; Miller v. Kimmel, 76 Okla. 233, 184 Pac. 762; Miller v. Howard, 76 Okla. 237, 184 Pac. 773; Mob-

ley v. Rhoades, 77 Okla. 64, 186 Pac. 230; Clinton v. Miller, 77 Okla. 173, 186 Pac. 932; Prowant v. Sealy, 77 Okla. 244, 187 Pac. 235; Robinson v. Potterff, 78 Okla. 202, 189 Pac. 744; Swan v. Duncan, 78 Okla. 305, 190 Pac. 678; Lamb v. Palmer, 79 Okla. 68, 191 Pac. 184; Wooten v. Lackey, 79 Okla. 141, 191 Pac. 1037; Tracey v. Norvell, 81 Okla. 94, 196 Pac. 929.

No reversible error appearing in the record, the judgment is affirmed.

JOHNSON, V. C. J., and KANE, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.