## SMITH et al. v. SMITH.

No. 22159.   Jan. 22, 1935.

Orban Patterson and J. D. Grigsby, Jr., for plaintiffs in error.

John H. Wright and John Roaten, for defendant in error.

PER CURIAM. Delmer E. Smith and Omer F. Smith, brothers, are plaintiffs in error, plaintiffs below. Reese Smith, father of Delmer E. Smith and Omer F. Smith, is the defendant in error, defendant below. The parties will be referred to herein as plaintiffs and defendant, as they appeared in the court below.

Facts Stated:   Plaintiffs allege in their petition that they are brothers and the only surviving children of Nancy E. Smith, their

mother, who was the wife of Reese Smith, the defendant; that Nancy E. Smith died, intestate, February 10, 1929; that at the time of her death she and the defendant, Reese Smith, were the owners and in possession of the N. E. ¼ of section 22, twp. 13, range 3 west, Oklahoma county, which was their homestead; that defendant, Reese Smith, held the legal and record title to the N. E. ¼ of section 27, twp. 13, range 3 west, Oklahoma county.

That Nancy E. Smith was, for several years prior to January 25, 1923, the owner and in absolute possession of the S. E. ¼ of section 23, twp. 13, range 3 west, Oklahoma county, as her separate property; that a short time prior to January 25, 1923, Nancy E. Smith and the defendant, Reese Smith, entered into an oral contract wherein it was agreed that if Nancy E. Smith would convey to Omer F. Smith the S. E. ¼ of section 22, twp. 13, range 3 west, he, Reese Smith, would convey to the said Nancy E. Smith the N. E. ¼ of section 27, twp. 13, range 3 west; that, pursuant to such agreement, Nancy E. Smith, on the 25th day of January, 1923, conveyed by warranty deed the land in section 22 to Omer F. Smith for no consideration except the agreement between her and the defendant, Reese Smith; that thereafter Nancy E. Smith took possession of said land in section 27, and received the rents and profits therefrom up to the 3rd day of January, 1929, when she was declared an incompetent, and Reese Smith, her husband, was appointed her guardian; that Reese Smith never conveyed the legal title to said lands in section 27 to Nancy E. Smith as he had agreed to do, but that he held said land in section 27 in trust for Nancy E. Smith since January 25, 1923, and now holds said land in section 27 in trust for the heirs of Nancy E. Smith, and the petition prays that the court decree a trust in the N. E. ¼ of section 27, twp. 13, range 3 west, in Oklahoma county, in favor of the heirs of Nancy E. Smith, deceased.

The defendant, Reese Smith, filed a general denial, and after trial to the court without a jury, the court found for the defendant. From such judgment, the plaintiffs appeal.

On trial of the case plaintiffs offered testimony of the plaintiffs themselves, which was admitted over the objections of the defendant, to show that the defendant, Reese Smith, made a deed to Nancy E. Smith, conveying the land in section 27, and gave the deed to her, but that it was never recorded and had been lost or repossessed by the defendant. The only testimony tending to show that Nancy E. Smith and Reese Smith had any agreement for Reese Smith to deed the land in section 27 to Nancy E. Smith was the testimony of plaintiff Omer F. Smith on page 44 of the case-made:

"Q. You are the same Omer F. Smith who was on the stand at the trial this morning? A. Yes, sir. Q. I will ask you, Mr. Smith, whether you heard a conversation between your father and mother before you received the deed that has been exhibited here in the courtroom, relative to the southeast quarter of section 27? A. Yes, sir, the northeast quarter of section 27. Q. State what was said by your father in the conversation and what was said by your mother in that conversation. Mr. Wright: I object to that for the reason that this witness is incompetent and not qualified and prohibited under the law from testifying. The Court: Overruled. Mr. Wright: Exception. A. Mother told father, 'I am going to give Omer a deed to my place,' and he said 'Well, all right, you go ahead and I will give you a deed to the south place.' Q. Did your mother say anything after your father made that statement? By Mr. Wright: The same objection. The Court: Overruled. A. She says, 'Well, I always would rather have the south place and that suits me fine.' Q. Later on you received your deed, did you not? A. Yes, sir."

Omer and Delmer Smith both testified that they had seen a deed made by Reese Smith, conveying the land in section 27 to their mother, Nancy E. Smith. Reese Smith testified that he had never at any time agreed to deed the land to Nancy E. Smith, and that he had never made a deed to the land to her.

1. Taking the testimony of Omer F. Smith as true, and that the conversation took place between Reese Smith and Nancy E. Smith as Omer F. Smith testified, such conversation within itself is not sufficient to show that Nancy E. Smith deeded her land to Omer F. Smith for a consideration of Reese Smith's deeding the land in section 27 to her. It will be noted that she said: "I am going to give Omer a deed to my place." No other conclusion could be drawn from this statement than that she was making a voluntary gift of her land to her son, and that she was doing so without any thought of receiving a consideration therefor, either from her husband or from her son. The fact that after she had determined

360

to give her land to her son, her husband then volunteered to express the idea that he would give her the land in section 27, would not make the giving of the land in section 27 to her the consideration for her deeding her land to her son. A person may express an intention to make a gift of property, including real estate, but until such expression of intention to make a gift is executed by a delivery of the property, or the making and delivery of a deed to real estate, the gift is incomplete and may be withdrawn by the donor, and this is the most that can be made out of the conversation which took place between Reese Smith and his wife, Nancy E. Smith.

Counsel for plaintiffs in error cite many authorities in support of their contention "that in equity and good conscience Reese Smith ought to make a deed conveying the lands in section 27 to Nancy E. because 'equity looks on that as done which ought to be done,'" but none of these authorities in our opinion is in point under the facts in this case.

2. The testimony as to the making of the deed by Reese Smith to his wife, Nancy E. Smith, is conflicting, but the trial court heard the testimony of the witnesses and saw their demeanor on the witness stand, and is better able to judge the truthfulness of one or the other of the witnesses than we who read the pages of the record. In an equitable action the judgment and decree of the trial court will not be set aside unless it is clearly against the weight of the evidence. Bernard v. McRay, 89 Okla. 1, 213 P. 82, and cases therein cited.

3. A review of the record in this case leads us to believe that the judgment and decree of the trial court is not against the clear weight of the evidence, but, on the other hand, it is supported by the preponderance of the evidence.

For the reasons herein stated, the judgment and decree of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge Geo. T. Arnett, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion was adopted by this court.