## YELLOW TAXICAB & BAGGAGE CO. v. HATFIELD.

No. 26176.    Sept. 15, 1936.

Rehearing Denied Oct. 27, 1936.

Dudley, Hyde, Duvall & Dudley, for plaintiff in error.

Keaton, Wells, Johnston & Barnes and Edward Howell, for defendant in error.

RILEY, J. This is an appeal from an order granting a new trial to defendant in error, plaintiff below.

The action was commenced May 3, 1930, against the taxicab company to recover damages for alleged personal injuries. Trial was had to jury in February, 1931, resulting in a verdict for plaintiff in the sum of $3,500.

A motion for new trial by defendant was sustained and the verdict was set aside. The cause was again tried in April, 1932, resulting in a verdict for the defendant. The second trial was before Honorable Tom G. Chambers, district judge. A motion for new trial was filed April 22, 1932, containing seven specifications of error, one of which was alleged newly discovered evidence. There was nothing therein as to the character of such evidence, and no affidavit in support thereof. The motion was not passed upon until after December 28, 1932, at which time plaintiff filed a petition for a new trial based upon newly discovered evidence. Honorable T. G. Chambers died without having passed upon the motion and petition for new trial. Honorable George A. Henshaw was appointed successor. The motion and petition for new trial were heard by Judge Henshaw.

A somewhat novel question is presented.

Plaintiff's cause of action was based upon alleged negligence of a driver of one of defendant's taxicabs. Plaintiff alleged, in substance, that on September 23, 1929, he was driving an automobile north on Western avenue in Oklahoma City; that just south of Fourth street the driver of said taxicab carelessly and negligently and recklessly at a high rate of speed drove the taxicab into or against the rear of plaintiff's automobile with such force and violence as to seriously injure plaintiff.

Defendant filed a general denial and pleaded that the accident was due to and caused by the negligence of a third party, without naming such party. No motion or other request was made to require defendant to name such third party. When the cause was first set for trial, defendant filed an affidavit for a continuance on account of the absence of a material witness, wherein it was stated, in substance, that William Boydington was the driver of a truck which ran into the back of the taxicab, which was stopped just behind the car of plaintiff because of congested traffic, causing the taxicab to run into plaintiff's car, causing the alleged injuries. A continuance was granted, and when the first trial was had, the witness was not produced. Shortly before the second trial defendant served notice upon plaintiff that depositions would be taken at Dallas, Tex., presumably to take the deposition of the witness Boydington. A few days before the day set for taking the deposition, defendant informed plaintiff that the deposition would not be taken.

When the second trial was had, defendant produced as a witness Roy Hankins, who testified that he lived at Seminole at the time of the accident and was engaged in the trucking business, and that he was the driver of a truck which ran into the taxicab. As to a truck striking the taxicab, Hankins was corroborated by Brown, the driver of the taxicab, and J. M. Thagard, who was a passenger in the taxicab.

The evidence of plaintiff tended strongly to prove that no truck struck the taxicab.

Hankins testified that after he struck the taxicab he backed the truck away and drove on past the taxicab and other cars, and drove to the shop of the White Truck Company on Thirteenth street, east of Broadway, where he had the bumper of his truck repaired, and went from there to the Hughes Tool Company, where he got a load of oil well supplies (tool joints), which he hauled to the "Asher Oil Field." Defendant produced what purported to be a mechanical inspection report on a form used by the service department of the White Company, dated September 27, 1929, showing under the heading of:

"Owner's Instructions:
Reline Brake Shoes _____ $4.85
Weld Front Bumper _____ 1.00
                                 $5.85
"Three Hours Labor _____ 3.75
                                 $9.60

"Marked 'Paid' 9-23-29 M. H. F.
"Name of Owner—Roy Hankins.
    Address: Seminole, Oklahoma.
    Model 1927.
    License No. 623431
    Promised for 12:30 p.m. Will call."

The petition for new trial is directed almost entirely toward the testimony of the witness Roy Hankins. After he testified, attorneys for plaintiff made some effort to investigate his testimony, particularly as to his movements after the accident, and with reference to his alleged transactions with the White Company as to repair of his truck and the Hughes Tool Company as to the truck load of tool joints delivered to the witness to haul to the Asher oil field. Some effort was made to impeach his testimony as to the repair of the truck. But the officers or managers of the Hughes Tool Company being out of the city, no information from the books of the company or its manager could be had.

The petition for new trial alleged that the testimony of Roy Hankins was a complete surprise to them, and that they were misled by the affidavit for continuance affirming that William Boydington was supposed to be the driver of the truck which defendant claimed ran into the taxicab.

In substance, the claim of plaintiff is that after the trial plaintiff made a full and complete investigation of the alleged transactions of which the witness Hankins testified, and the claim is that his testimony was false and untrue: that he had no such transaction, and was in fact not in Oklahoma City at the time of the accident, but was in Seminole.

Affidavits and oral testimony were presented by both parties. Defendant explained the change in the name of the witnesses by affidavit tending to show that Boydington was in fact a witness in a case against the taxicab company, other than this one, and that by mere inadvertence he was named as the absent witness in the affidavit.

When the matter came on to be heard before Judge Henshaw, he appeared to have been of the opinion that in cases where the trial judge dies while a motion or petition for new trial which requires consideration of the evidence as a whole is pending, a new trial should be granted as a matter of right by the successor of the judge who tried the case, even though a complete transcript of the evidence is available. Judge Henshaw wrote at length his conclusions and views of the law. Therein he indicated in substance that he was in doubt as to the rule in this state, and that he thought there was some conflict, or at least some confusion in the decisions of this court on the subject; that he thought under the record that the motion and petition for a new trial should be denied, unless, under the circumstances, a new trial should be granted as a matter of law. Therein he indicated that he desired an advisory opinion from this court on the matter before making his final order. Such an opinion not being available, Judge Henshaw entered the final order granting the new trial. Therein he said:

"This court is in doubt as to whether or not the plaintiff is entitled to a new trial as a matter of law because of the inability of the successor of the trial judge to consider the evidence in connection with the witness that gave it during the trial, and it was upon this question that the court desired an advisory opinion.

"The law ought to be that the duty of the successor of a trial judge in cases tried before a jury should be to grant a new trial as a matter of law or a matter of right."

It is apparent from the two rather extended statements that Judge Henshaw was of the opinion that a new trial should be denied if the evidence contained in the transcript was to be considered by him by the standard announced; that is, giving each witness credit for telling the truth, or believing he was telling the truth, except where circumstances discredited such belief, but that he believed the law ought to be to the contrary, and that it was the trial court's duty to grant a new trial as a matter of right.

It appears from the trial judge's whole statement that he was of the opinion that the law was with the defendant, but ought to be with the plaintiff, and the ruling was based upon what the judge thought the law ought to be rather than what he thought it was.

In Green v. Correll, 133 Okla. 94, 271 P. 241, it is held:

"After the term of office of the trial judge has expired without a motion for a

new trial having been passed upon, the successor has jurisdiction to pass upon such a motion where the term of office of the trial judge expires before a disposition has been made of the motion."

In Tidal Refining Co. v. Chas. E. Knox Oil Co., 116 Okla. 1, 43 P. 150, it is held:

"Where a cause is tried in a district court in this state, and a motion for a new trial is duly filed, and the trial judge dies before the motion for the new trial is heard and determined, such motion may be heard and determined by the successor of such deceased judge."

Again in Adams v. Wallace, 94 Okla. 95, 221 P. 872:

"Motion for new trial may be passed on by successor of trial judge. After the term of office of the trial judge has expired, he has no power to pass on a motion for a new trial filed within his term of office but undisposed of. The successor in office of a trial judge has jurisdiction to pass on such motion for a new trial where the term of office of the trial judge expires before the motion is disposed of."

Bernard v. McRay, 89 Okla. 1, 213 P. 82:

"Where a motion for new trial comes on to be heard, after the trial judge has retired from office, before his successor in office, it is not the duty of the successor to grant the motion as a matter of right where a transcript of the evidence and the record of all of the proceedings on the trial is presented and considered in passing upon the motion. Record examined, and held, there was no error in overruling the motion for new trial."

Lookabaugh v. Bowmaker, 30 Okla. 242, 122 P. 200, holds:

"If a petition for a new trial comes on to be heard after the judge's term of office expires, and his successor is in office, it is not the duty of the successor to grant the petition as of course when a transcript of the evidence on the former hearing is presented and considered in connection with the newly discovered evidence."

Where the evidence has not been preserved a different rule applies.

Boynton v. Crockett, 12 Okla. 57, 69 P. 869, holds:

"Where a motion for a new trial is filed, and the judge who tried the cause retires from the bench leaving such motion pending undisposed of, his successor will, ordinarily, grant a new trial, where the motion involves a review of the evidence taken upon the trial, and the proceedings before the former judge, and the same has not been preserved by bill of exceptions or other record so the new judge can review the grounds for new trial."

And School Dist. No. 38 v. School Dist. 92, LeFlore County, 42 Okla. 228, 140 P. 1144, holds:

"Where a motion for a new trial is filed, and the judge who tried the cause retires from the bench leaving such motion pending and undisposed of, his successor will, ordinarily, grant a new trial, where the motion involves a review of the evidence taken upon the trial, and the proceedings before the former judge, and the same has not been preserved by case-made or other record so the new judge can review the grounds for new trial."

From the record it clearly appears that Judge Henshaw was of the opinion that the petition for a new trial should be denied unless the law was as he thought it should be, viz., that in cases of this kind the petitioner would be entitled to a new trial as a matter of law. His order granting a new trial was clearly upon that theory.

From the cases cited it appears that the court erred in granting the new trial as a matter of right.

The order granting a new trial is reversed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BUSBY, J., absent.