KENNEDY et al. v. CHADWELL.

No. 30482. Oct. 26, 1943.

Rehearing Denied Nov. 23, 1943.

*142 P. 2d 979.*

John F. Curran, of Enid, J. E. Falkenberg, of Medford, and W. T. Brunson, of Oklahoma City, for plaintiffs in error.

Earl Foster, of Oklahoma City, for defendant in error.

DAVISON, J. In 1931, Amboline Chadwell obtained a divorce from A. Ben Chadwell in the district court of Oklahoma county. In connection with the divorce the care and custody of three minor children of the parties was confided to the mother and the father was ordered to make payments in money for their support.

In March of 1935, the former order was modified in that provision was made for alternate custody of the children. The mother was to have them during the school months of the year while the father was to care for them during the summer months. Permission was also granted the mother to remove the children to California.

In December of 1937, the three minor children, through their mother as guardian ad litem, instituted an action in the superior court of Los Angeles county, Cal., against their father in which it was sought to provide for their support by means of the establishment of a $500,000 trust fund. Summons was served personally upon the father in California although he was then and still is a resident of Oklahoma.

In the course of the prosecution of that action orders were made directing the father, A. Ben Chadwell, to make two payments to the attorneys for his minor children, principally for attorneys' fees, although each of the payments ordered to be made included an item for court costs. The sums to be paid were respectively $1,250 and $1,259.76.

The attorneys for the minor children were Arthur W. Kennedy and Bertram S. Harris.

On March 10, 1939, this action was instituted by the attorneys against the father in the district court of Oklahoma county to recover on the orders of the California court which were pleaded as final judgments. No effort was made to assert a liability on the part of the father independent of such orders.

On December 2, 1940, a default judgment was entered in favor of the plaintiffs.

On December 31st defendant presented a motion to set aside the default judgment tendering therewith an answer.

The trial court set aside the judgment, apparently, however, imposing as a condition to such action the requirement that the parties make a stipulation upon the facts. Such a stipulation was thereupon made and submitted, and the trial of the case to the court without the intervention of a jury proceeded, resulting in another judgment for the plaintiffs. Defendant then filed his motion for a new trial, which was overruled on the same date.

The foregoing proceedings were conducted by the Honorable Ben Arnold as trial judge.

Soon thereafter Judge Arnold resigned his position as one of the judges of the district court of Oklahoma county. Also, the court term in which the foregoing proceedings were had expired on the day preceding the first Monday in January, 1941. 20 O. S. 1941 § 95.

On January 24, 1941, defendant filed an application styled an "Amended Motion for a New Trial," seeking a retrial of the cause upon the grounds of alleged newly discovered evidence.

On June 18, 1941, the motion for a new trial was heard and determined by the Honorable Frank Douglass, a judge of the district court of Oklahoma county, and sustained. The plaintiffs present the cause on appeal seeking to reverse the order granting a new trial. The order of appearance is thus preserved in this court.

The power and authority of another trial judge of the same court to consider and dispose of an application for a new trial where, as here, the trial was had before a former trial judge who no longer holds office, is not herein questioned. See Indian Territory Illuminating Oil Co. v. Bell, 173 Okla. 46, 46 P. 2d 481; Yellow Taxicab & Baggage Co. v. Hatfield, 178 Okla. 79, 61 P. 2d 738; Trumbla v. State ex rel. Commissioners of the Land Office, 191 Okla. 119, 126 P. 2d 1015.

However, when on motion or other appropriate application for a new trial, a trial judge is called upon to reconsider the action of a previous trial judge upon a matter which involves consideration of the facts established before such previous trial judge, he should be fully advised upon all material facts thus established, and if his information is incomplete, the law favors the granting of a new trial. Boynton v. Crockett, 12 Okla. 57, 69 P. 869; School District No. 38 v. School District No. 92, 42 Okla. 228, 140 P. 1144; Yellow Taxicab & Baggage Co. v. Hatfield, supra.

In this case the record of facts established before the former trial judge was incomplete in one essential respect. In rendering the judgment of December 31, 1940, the trial judge necessarily determined that the orders of the California court had the force and effect of final judgments, and constituted final and valid determinations of the rights of the parties affected thereby to the extent that such orders purported to settle such rights. In so deciding the law of California constituted a material factor.

The law of a sister state when it constitutes a material issue in pending litigation is a question of fact and must be established as such in order to be entitled to consideration. Hinds v. Atlas Acceptance Corporation, 178 Okla. 474, 63 P. 2d 29; Davis v. Baum, 192 Okla. 85, 133 P. 2d 889; notice, also, Aetna Casualty & Surety Co. of Hartford, Conn., v. Gentry, 191 Okla. 659, 132 P. 2d 326, 145 A.L.R. 623.

Of course, when such law of a sister

state is not treated as matters of fact and established as such, we indulge the presumption that the law of a sister state is the same as our own; decisions cited, supra.

In the trial of this case on December 31, 1940, however, the parties treated the law of California as a question of fact and as of major importance and did not resort to the presumption above indicated. However, they made an incomplete stipulation in connection therewith. They stipulated at the trial as follows:

"The parties hereby stipulate and agree that the California statutes applying in such cases so made and provided are hereby referred to specifically as fully as though set forth or copied herein at length."

The parties thus mutually recognized that the California laws or statutes must be established, but they did not stipulate what the law of California was. They, in effect, agreed that the first trial judge might accept proof in an informal manner or of an informal nature for the purpose of determining the law of California. The stipulation was not supplemented by any showing as to what statutes or other laws of California were submitted to the trial court.

There is perhaps no objection to such a stipulation if for the purpose of subsequent consideration of the case a record is made to show what was considered in determining the law of California, but no such record was here made, none was submitted to the subsequent trial judge in connection with the motion for a new trial, and none is presented to us in the record.

The parties are now in hopeless disagreement concerning the California law as applied to the orders of the California court. We can examine the California decisions as a guiding light in framing our own law, but not for the purpose of determining what the California law is as applied to a California judgment when the question is not properly preserved for review as one of fact.

With the incomplete state of the record in mind, we turn to the application for a new trial on the grounds of newly discovered evidence. The alleged newly discovered evidence tended to indicate that subsequent to the trial it was ascertained that the Oklahoma county district court had not relinquished its jurisdiction to make provision for the support of the minors acquired in connection with the divorce action, and that in compliance with its requirements and in discharge of his natural duty as a father, defendant had continuously supported his minor children by appropriate contributions. It is asserted that trial of the cause on December 31st, previous, had proceeded on a contrary hypothesis.

Excuse for the belated discovery, production, and assertion of this evidence was predicated upon the verified allegation that counsel for the defendant were suddenly thrust into the trial of this cause in the absence of their client, and without proper opportunity for consultation under a hastily and improperly drafted stipulation, and that the continued unavoidable absence of their client accounted for the delay in filing the amended application.

The effect of the additional facts presented in the application for new trial upon the jurisdiction of the California court to make the orders could only be determined in the light of the California law, which was not then before the succeeding trial judge by reason of the incompleteness of the record.

Plaintiffs' theory that under the law of Oklahoma such facts would not constitute a defect of jurisdiction is unavailable, since the law of California controls.

In view of the disposition of the law to favor the granting of a new trial by a succeeding judge when the record of a trial before a former judge is incomplete and the fact that the record was incomplete, we are of the opinion that the trial court did not abuse its discretion in granting a new trial.

Usually under our Code an application for a new trial on the grounds of newly discovered evidence filed after the expiration of the term in which a judgment is rendered is drafted in the form of a petition under 12 O. S. 1941 § 655. However, under our liberal rules of practice the fact that defendant styled his application an "amended motion for a new trial" is not of vital importance, since we classify a pleading by its contents rather than the name given it. Neither do complications exist in this litigation as to whether a summons should have been issued in conjunction with the application, since the plaintiffs appeared generally for the purpose of resisting the application.

We find no abuse of discretion on the part of the trial court in excusing the delay in discovery of the evidence and the delayed presentation of the application for a new trial on the grounds thereof. Section 655, supra, contemplates that such delay may be excused when reasonable diligence would not have led to an earlier discovery. What may constitute reasonable diligence is a variable factor depending somewhat on the circumstances surrounding each case, and the diligence to be exercised in discovering evidence is influenced in a degree by the reasonableness of anticipating in time the need for such evidence.

The theory is advanced in the brief that an application for new trial was unnecessary, and therefore unauthorized, because the case was tried on stipulation as distinguished from evidence on disputed issues of fact. The basis of this theory fails because, as we have already pointed out, proof (though perhaps of an informal nature) was necessarily considered as one of the material issues of fact.

It also appears from the record before us that in conjunction with the application for new trial defendant presented a motion to set aside the judgment which was sustained at the same time the application for a new trial was granted. Since our conclusion supports the action of the trial court in granting the new trial on the theory of newly discovered evidence on the application for the same, the propriety of its action in simultaneously sustaining the motion to vacate judgment is not herein treated.

The action of the trial court in granting a new trial is sustained.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, and HURST, JJ., concur. BAYLESS, J., absent. ARNOLD, J., not participating.